IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 3:23-CV-478

PREPARED FOOD PHOTOS, INC.,
f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

RDS GROCERY, LLC,
d/b/a PREMIER MEATS & SEAFOOD,

     Defendant.

_____

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendant RDS Grocery, LLC, d/b/a Premier Meats & Seafood ("Defendant"), and alleges as follows:

### THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2.    Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 2401 W. Beaver Street, Jacksonville, FL 32209. Defendant's agent for service of process is Sajjad Husain, 85 Athens Drive, St. Augustine, FL 32092.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.    Plaintiff's Business

6.    Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7.    Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8.    Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9.    Plaintiff does not license individual photographs or otherwise make individual

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10.    Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.    The Work at Issue in this Lawsuit

### A.    The First Photograph

11.    In 1997, a professional photographer created a photograph titled "RawChickenGizzard002_ADL" (the "First Photograph").  A copy of the First Photograph is exhibited below:



12.    The First Photograph was registered by Plaintiff (pursuant to a work-for-hire

agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 31, 2017 and was assigned Registration No. VA 2-046-915. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

13.    Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**B.    The Second Photograph**

14.    In 1997, a professional photographer created a photograph titled "RawPorkChopCCBnls003_ADL" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



15.    The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 20, 2017 and was assigned Registration No. VA 2-027-172.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

16.    Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

17.    The First Photograph and Second Photograph are collectively referred to herein as the "Work."

**III.    Defendant's Unlawful Activities**

18.    Defendant is a local meat shop catering to the surrounding neighborhoods throughout Duval County that specializes in beef, crab, turkey, oxtail, pork, fish, and wings.

19.    Defendant advertises/markets its business primarily through its social media (https://www.facebook.com/PremierMeatsShop/) and other forms of advertising.

20.    On January 2, 2022 (after Plaintiff's above-referenced copyright registration of each photograph comprising the Work), Defendant published the Work on its Facebook business page in connection with the promotion of raw meats (at https://www.facebook.com/PremierMeatsShop/photos/pb.100063669686547.-2207520000../4618666434854680/?type=3):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



([https://www.facebook.com/PremierMeatsShop/photos/pb.100063669686547.-2207520000../4618662911521699/?type=3](https://www.facebook.com/PremierMeatsShop/photos/pb.100063669686547.-2207520000../4618662911521699/?type=3)):



([https://www.facebook.com/PremierMeatsShop/](https://www.facebook.com/PremierMeatsShop/)):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



([https://www.facebook.com/PremierMeatsShop/photos/](https://www.facebook.com/PremierMeatsShop/photos/)):



21.    On a date after Plaintiff's above-referenced copyright registration of the Second Photograph, Defendant published the Second Photograph on its website in connection with the promotion of raw pork chops (at [https://premiermeatjax.com](https://premiermeatjax.com)):

7





22.    A true and correct copy of the screenshots of Defendant's Facebook business page, displaying the copyrighted Work, and website, displaying the Second Photograph, is attached hereto as **Exhibit "C."**

23.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

24.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

25.    Upon information and belief, Defendant located a copy of the Work on the internet, and rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

26.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered the Defendant's unauthorized use/display of the First Photograph on

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

April 12, 2022, and Second Photograph on February 8, 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

27.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

28.    Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

29.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

30.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered each photograph comprising the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

31.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

32.    Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

33.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

34.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

publishes a large number of professional food stock photographs on its social media, indicating that Defendant clearly understands that high-end food photography is not generally available for free or that such can simply be copied from the internet.

35.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

36.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

37.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

38.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

39.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of each photograph comprising the Work;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: April 24, 2023.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza
        Daniel DeSouza, Esq.
        Florida Bar No.: 19291
        James D'Loughy, Esq.
        Florida Bar No.: 0052700
        Lauren Hausman, Esq.
        Florida Bar No.: 1035947

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228